SC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cordell Glen Jones, | No.    CV-23-02182-PHX-JAT (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| FCI Phoenix Warden, et al., | |
| Respondents. | |

Petitioner Cordell Glen Jones, who is confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee. The Court will require dismiss Dr. Hanzen and require a response to the Petition by Respondent Warden.

## I.    Petition

In his Petition, Petitioner names FCI Phoenix Warden as Respondent and Dr. Hanzen as an additional Respondent. Petitioner raises two grounds for relief. In Ground One, he alleges a violation of his First Amendment right to be free from retaliation, which increased the length of his sentence. In Ground Two, Petitioner alleges a violation of the Religious Land and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq. A copy of documents attached to the Petition reflect the following:

On February 27, 2023, Plaintiff began the Residential Drug Abuse Program (RDAP).[1] (Doc. 1-1 at 10.) In March 2023, the prison Pride and Celebration Committee

---

[1] RDAP consists of three components that all must be successfully completed to

was making a banner for Easter and all RDAP participants were asked to put their names on the banner. Plaintiff, who is a Hebrew Israelite, did not celebrate Easter and was somehow preparing for Passover on April 5, 2023. Petitioner went to Dr. Hanzen's[2] office and told her that he could not put his name on the banner because it was against his faith, and he considered Easter a pagan holiday. Petitioner indicated that putting his name on the banner would be an endorsement of Easter, which was contrary to his faith. Dr. Hanzen told Plaintiff that Jews and Hebrews did pagan things, to which Petitioner responded that *he* did not. He told her that unless something was in the Scriptures for a holiday, he did not do it. Dr. Hanzen printed off and gave Petitioner an article called "The Bible Contradictions," which upset Petitioner and made him feel that she disrespected his faith. (*Id.*) Petitioner went to the chapel and saw Chaplain Davis and his clerk, Morgan, to whom he showed the article. They said that Dr. Hanzen had gone too far.

A few days later, Plaintiff told Head Chaplain Rice about the situation. A few days later, Plaintiff saw Assistant Warden Saulsberry in the chow hall and told her about the situation and showed her the article. At that point, Dr. Hanzen entered the chow hall, and Saulsberry suggested talking over the situation with Dr. Hanzen; Plaintiff indicated that he did not wish to do so and wanted to leave, but Saulsberry insisted that he stay. After being asked about the situation, Dr. Hanzen became angry and grabbed the article from Plaintiff. Dr. Hanzen and Saulsberry said they would talk to the chaplain about the banner situation.

About a week later, Head Chaplain Rice told Plaintiff that Saulsberry and Hanzen had spoken to Rice. Rice told Plaintiff that he (Rice) sided with Petitioner and that "it" violated the Religious Freedom Restoration Act (RFRA). Rice also told Petitioner to "watch" his back because he had made an enemy and "she has shown you who she is." (*Id.*)

---

receive its benefits: an initial unit-based component, a follow-up treatment program component, and a traditional drug abuse treatment component. *Johnson v. LeMaster*, 2:18cv08534, 2019 WL 3035121, at *1 (C.D. Cal. Apr. 17, 2019) (citing 28 C.F.R. § 550.53(a)(1)-(3)), *Report and Recommendation adopted*, 2019 WL 3841792, at *1 (C.D. Cal. Aug. 15, 2019).

[2] According to Petitioner, Dr. Hanzen is a psychologist.

1    On May 31, 2023, Petitioner was summoned for a RDAP team meeting.  At the
2  meeting, Dr. Hanzen told Petitioner that Plaintiff thought he was better than the other
3  prisoners, had a superiority complex, and that she was remediating Petitioner to redo phase
4  1 again.  Alternatively, she said that Petitioner could quit, to which Petitioner responded,
5  "I am not going to quit." (*Id.* at 11.)  Petitioner states that he was never questioned "about
6  the material," apparently Phase 1 materials, to see what he knew, unlike other prisoners,
7  who were questioned and passed to the next phase.  (*Id.*)  According to Petitioner,
8  "[e]veryone was shocked" that he was not going to the next phase with his class.  (*Id.*)

9    Later that day, Petitioner went to Drug Treatment Specialist (DTS) Karen Pat's
10  office to ask why she and Ms. De Jesus had written false statements in his treatment plan.
11  They got into a heated discussion and Ms. Pat sent Petitioner out of her office.  According
12  to Petitioner, it "became apparent that there was something personal going on with staff"
13  against him.  (*Id.*)  Other prisoners began asking Petitioner what he had done or why staff
14  were against him, when Petitioner had participated in and did the work.  Petitioner claims
15  that he was singled out to try and make him quit.  He claims that he was subject to enhanced
16  criticism and being constantly told that what he did was wrong or not good enough.
17  Petitioner's mother, whom he had told about the situation and who was waiting for
18  Petitioner's release to assist her with other dependent family members, called the facility
19  and complained about the RDAP staff, although Petitioner had asked her not to.

20    On July 10, 2023, Dr. Hanzen told the RDAP community that as a psychologist, she
21  could take away their First Step credit and affect their halfway house time.  (*Id.* at 14.)  On
22  July 25, 2023, Petitioner was summoned to Dr. Hanzen's office and she told him that he
23  was not "grasping the concept of the RDAP program" and that he was being expelled from
24  RDAP.  (*Id.* at 12.)  Petitioner was not allowed to speak and was not questioned.  The next
25  day, Dr. Hanzen said to the RDAP community that, "You can have your families, or your
26  mother, call up here trying to get me in trouble, but it will never happen that's why he is
27  out of here," referring to Petitioner.  Petitioner claims that he had done all the work but
28  false statements by DTSs Pat and De Jesus resulted in his removal from RDAP.

TERMPSREF

- 3 -

Petitioner's release date of December 11, 2023 passed, and his new release date is May 29, 2025, absent RDAP credit.  (*Id.* at 15.)

Petitioner claims he was wrongfully removed from RDAP as retaliation for reporting staff misconduct, which resulted in the loss of early release credit.  He claims that Dr. Hanzen discriminated against him based upon his religion, which resulted in his expulsion from RDAP.

Petitioner alleges that he was expelled from RDAP, which was impermissibly predicated on constitutional violations.  The Court will require Respondent Warden to answer the Petition.

## II.    Dr. Hanzen

Petitioner named Dr. Hanzen as an additional Respondent.  Generally, jurisdiction over a habeas corpus petition under 28 U.S.C. § 2241 lies in the district court which has jurisdiction over the proper respondent to the petition–a petitioner's custodian.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973) ("The writ of habeas corpus does not act upon the [detainee] who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("a § 2241 petition must be filed in the district where the petitioner is in custody"); *compare with Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").  Thus, a petitioner for habeas corpus relief must name the official having custody of him as a respondent to the petition.  *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994)) (emphasis added).

Petitioner properly named the Phoenix FCI Warden as a Respondent.  Dr. Hanzen, however, does not have custody of Petitioner.  Accordingly, Dr. Hanzen will be dismissed as a Respondent.

. . . .

. . . .

TERMPSREF

**III.   Warnings**

   **A.   Address Changes**

   Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

   **B.   Copies**

   Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

   **C.   Possible Dismissal**

   If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

   (1)   Dr. Hanzen is **dismissed** as a respondent.

   (2)   The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

   (3)   Respondent FCI Phoenix Warden must answer the Petition within **20 days** of the date of service.  Respondent shall not file a dispositive motion in place of an answer

1   without first showing cause as to why an answer is inadequate.

2           (4)     Regarding courtesy copies of documents for chambers, Respondent is

3   directed to review Section II(D) of the Court's Electronic Case Filing Administrative

4   Policies and Procedures Manual, which requires that "a courtesy copy of the filing,

5   referencing the specific document number, shall be printed directly from CM/ECF."

6   CM/ECF Admin. Man. § II(D)(3) (emphasis added).  See http://www.azd.uscourts.gov/

7   sites/default/files/documents/adm%20manual.pdf.

8           (5)     Petitioner may file a reply within **30 days** from the date of service of the

9   answer.

10           (6)     This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules

11   72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report

12   and recommendation.

13           Dated this 17th day of May, 2024.

14

15

16

17                                            James A. Teilborg
                              Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**TERMPSREF**

- 6 -