1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9    Cordell Glen Jones,                    No. CV-23-02182-PHX-JAT (ESW)
10                 Petitioner,
                                            **REPORT**
11   v.                                     **AND RECOMMENDATION**
                                            **AND ORDER**
12   FCI Phoenix Warden, et al.,
13                 Respondents.
14
15
16   **TO THE HONORABLE JAMES A TEILBORG, SENIOR UNITED STATES**
17   **DISTRICT JUDGE:**
18          On October 23, 2023, Cordell Glen Jones ("Petitioner") filed a pro se Petition Under
19   28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (the
20   "Petition") (Doc. 1).  Petitioner was confined in the Federal Correctional Institution-
21   Phoenix at the time of filing the Petition.  The Court screened the Petition in its May 17,
22   2024 Order (Doc. 4).  On June 12, 2024, Respondent filed an Answer to the Petition (Doc.
23   11). Petitioner did not file a Reply. Despite being warned of his obligation to do so,
24   Petitioner has not filed a Notice of Change of Address with the Court.
25          For the reasons explained below, the undersigned recommends that the Petition be
26   dismissed without prejudice for failure to prosecute. Alternatively, the undersigned finds
27   that the Petition may be dismissed for lack of subject matter jurisdiction or because it is
28

moot.[1]

# I.  DISCUSSION

## A. Petitioner's Failure to File a Notice of Change of Address

On October 23, 2023, the date Petitioner filed the Petition (Doc. 1), the Clerk of Court filed a Notice of Assignment (Doc. 2) that warned Petitioner that he must file a Notice of Change of Address if his address changes.  The Notice of Assignment stated that the failure to do so may result in the case being dismissed. (*Id.* at 2). The Notice of Assignment was mailed to Petitioner and was not returned to the Court as undeliverable.

On May 17, 2024, the Court issued a Screening Order (Doc. 4) requiring Respondent to answer the Petition.  The Screening Order warned Petitioner that he must file a Notice of Change of Address if his address changes and that the failure to do so could result in the dismissal of this action.  (*Id.* at 5).  The May 17, 2024 Order was mailed to Petitioner but was returned as undeliverable to the Court in June 2024. (Doc. 10).

On June 12, 2024, Respondent filed an Answer (Doc. 11) that argues that the Petition should be dismissed because (i) Petitioner failed to exhaust his administrative remedies; (ii) the Court lacks subject matter jurisdiction; and (iii) the relief sought is moot. The Answer further asserts that even if the Court had jurisdiction, Petitioner is not entitled to the relief he seeks.  (*Id.* at 14).

In an August 5, 2024 Order, the Court ordered Petitioner to show cause by September 6, 2024 why this matter should not be dismissed for the reasons asserted by Respondent. (Doc. 12). The Court also ordered Petitioner to file a Notice of Change of Address by September 6, 2024 and warned him that the failure to do so may result in dismissal of this matter without further notice. (*Id.*).  The Order noted that the Certificate of Service attached to Respondent's Answer reflects a new address for Petitioner and the Court directed the Clerk of Court to send copies of the Order (Doc. 12) and the Screening Order (Doc. 4) to Petitioner at that address.  As of the date of this Report and

---

[1] In the Answer (Doc. 11), Respondent also asserts that the Petition should be dismissed for failure to exhaust administrative remedies and because Petitioner is not entitled to the relief he seeks. Because the undersigned finds dismissal warranted on other grounds, this Report and Recommendation does not address these additional arguments.

Recommendation, Petitioner has not filed a response to the Order (Doc. 12) or a Notice of Change of Address.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether the failure to prosecute warrants dismissal of a case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In this case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The undersigned therefore recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**B.  The Court Lacks Subject Matter Jurisdiction**

As noted, Petitioner was confined at the Federal Correctional Institution in Phoenix, Arizona when he initiated this action. The Petition (Doc. 1) challenges Petitioner's expulsion from the Bureau of Prison's Residential Drug Abuse Program ("RDAP") and the resulting denial of early release benefits.  In Ground One, Petitioner alleges that his First Amendment rights were violated because he was retaliated against and expelled from RDAP for reporting staff misconduct, which he claims increased his sentence length. (Doc. 1 at 6, Doc. 1-1 at 10-15).   In Ground Two, Petitioner alleges a violation of RLUIPA, asserting that he was discriminated against based on his religion, resulting in his expulsion from RDAP. (Doc. 1 at 7; Doc. 1-1 at 10-15).

18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. Section 3621(b)(5) provides that the Bureau of Prisons ("BOP") "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To carry out this requirement, the BOP "shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of a program of residential substance abuse treatment, the BOP may reduce a prisoner's sentence by up to one year.[2] 18 U.S.C. § 3621(e)(2)(B).

Congress specified in 18 U.S.C. § 3625 that the provisions of the Administrative Procedure Act ("APA") related to judicial review do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624.  *See Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) ("Congress specified in 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act, that '[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621–3625].'").

The undersigned concurs with Respondent that the Court lacks jurisdiction over

---

[2] Only prisoners convicted of nonviolent offenses are eligible.  18 U.S.C. § 3621(e)(2)(B).

Petitioner's claims challenging his expulsion from RDAP and the resulting denial of early release. (Doc. 11 at 10-12).  In *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011), the Ninth Circuit Court of Appeals held that "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621."  The Ninth Circuit explained:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

*Id.* at 1227. The Ninth Circuit in *Reeb* further explained: "A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Id.*

In sum, the undersigned finds that Petitioner's claims that he was wrongfully expelled from RDAP and denied early release are not subject to judicial review. The Petition may alternatively be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Perez v. Dulgov*, No. CV-22-00405, 2022 WL 18395980, at *3 (D. Ariz. Dec. 5, 2022) (holding that the district court lacked jurisdiction to review the petitioner's claim challenging the BOP's decision to expel him from RDAP because 18 U.S.C. § 3625 precludes judicial review of individualized RDAP determinations made pursuant to 18 U.S.C. § 3621).

1

2    **C.  The Action May Be Dismissed as Moot**

3         Even if the Court had jurisdiction over Petitioner's claims, the undersigned agrees

4    with Respondent that the Petition should be dismissed as moot. (Doc. 11 at 14-15).  Article

5    III of the United States Constitution limits the jurisdiction of federal courts to "actual,

6    ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477

7    (1990). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for

8    purposes of Article III—when the issues presented are no longer 'live' or the parties lack

9    a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91

10   (2013) (internal quotation marks and citation omitted).

11        "The basic question in determining mootness is whether there is a present

12   controversy as to which effective relief can be granted." *Ruiz v. City of Santa Maria*, 160

13   F.3d 543, 549 (9th Cir. 1998) (internal quotation marks and citation omitted). "Past

14   exposure to illegal conduct does not in itself show a present case or controversy regarding

15   injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Neal*

16   *v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (quoting *City of Los Angeles v. Lyons*,

17   461 U.S. 95, 102 (1983)).

18        Respondent's Answer (Doc. 11 at 14-15) explains that Petitioner has now obtained

19   the relief he seeks—placement in a halfway house. (Doc. 1 at 8). The undersigned concurs

20   with Respondent that the case is moot as the Court can no longer grant any effective relief.

21   Courts have routinely dismissed as moot § 2241 habeas petitions where the petitioner has

22   been released from custody or granted the relief requested. *See, e.g.*, *Munoz v. Rowland*,

23   104 F.3d 1096, 1097-98 (9th Cir. 1997) (dismissing as moot a § 2241 petition after the

24   petitioner was released on parole, which was "the primary relief sought in his habeas corpus

25   petition"); *Kittel v. Thomas*, 620 F.3d 949, 951-52 (9th Cir. 2010) (finding § 2241 petition

26   moot where the petitioner challenged denial of a transfer to home confinement but had

27   already been transferred to home confinement and then released at the time of the appeal).

28   The Petition may alternatively be dismissed as moot.

## II.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss the Petition (Doc. 1) without prejudice.

**IT IS ORDERED** directing the Clerk of Court to send a copy of this Report and Recommendation to Petitioner at his address of record and at the following address listed in the Certificate of Service attached to Respondent's Answer (Doc. 11 at 16):

Cornell Glen Jones
Federal Register No. 21095-104
c/o Independence House
2765 South Federal Blvd
Denver, CO 80236

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 16th day of September, 2024.

_____
Honorable Eileen S. Willett
United States Magistrate Judge